**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF INDIANA**
**FORT WAYNE DIVISION**

| | |
|---|---|
| MICHAEL D. NEAL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  1:14-cv-00395-PPS-SLC |
| | ) |
| ACCUGEAR, INC., JAY ZEMMOL, | ) |
| JAY MUELLER, and | ) |
| DENNIS ANDEROSKI [*sic*], | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Plaintiff Michael Neal represents himself in this Title VII discrimination case against

his former employer Accugear Inc. and three of its employees who held supervisory or

personnel positions. The individual defendants have each moved to dismiss the case.

Defendants Jay Zemmol, Jay Mueller, and Dennis Andreski (the correct spelling, caption

notwithstanding, per Docket Entry 38 at 1) each argue that Neal cannot state a claim upon

which relief can be granted because Title VII does not permit Neal to sue them as

individuals. Because Neal cannot allege facts that subject the individual defendants to

liability under Title VII, all three motions are granted. But the individual defendants are

not dismissed from the case at this point because Neal's complaint states a claim against

each of them under 42 U.S.C. § 1981.

## BACKGROUND

Neal filed a *pro se* employment discrimination complaint in January 2015

(correcting errors in a December 2014 version) against his former employer of

approximately four months, AccuGear, and individuals who worked there in supervisory or personnel capacities. [DE 5 at 1-4.] No one has explained exactly what AccuGear does, but it has something to do with operating machines and "running parts." [DE 5 at 7.] Neal's complaint is scattered, but includes some troubling allegations. Here's the gist of it:

Neal, who is black, [*Id.* at 4], alleges that prior to being terminated from AccuGear, he suffered racial discrimination in a racially hostile work environment. [*Id.* at 2.] Specifically, he alleges that because of his race he was disciplined and evaluated negatively by his supervisor Mueller for a work assignment shortcoming. At the same time, a white employee who was equally responsible was not disciplined. [*Id.* at 4, 6-7.] Neal further alleges that Mueller referred to him as a "n_____". [*Id.* at 8.] Neal complained to AccuGear's Human Resource Manager, Jay Zemmol, to no avail. [*Id.* at 2, 6.] Zemmol allegedly gave Neal unfairly negative employee reviews and participated in Neal's wrongful termination. [DE 5 at 2.] Neal's EEOC charge of discrimination, which is attached to his complaint, alleges that Mueller said that Neal talks like a "hoodlum" and told other employees that Neal "look[s] black, talk[s] black, act[s] black, but [is] really white, but will never be anything more than a n[_____]." [*Id.* at 4.] Neal alleges that Andreski, AccuGear's Plant Manager, falsely accused Neal of sleeping during a work meeting, and fired Neal for that alleged transgression. [*Id.* at 9-10.] Neal alleges that the real reason for his termination was discrimination or retaliation for his complaint about discrimination. [*Id.* at 2.]

This District offers assistance in filing a complaint in a case like this one by way of a fillable form called "Employment Discrimination Complaint." Neal completed that form. There are several laws under which a plaintiff may allege employment discrimination, and the form allows a plaintiff to check the laws applicable to his case. In this case, Neal checked only the Title VII box. But there is also a checkbox for "Equal rights under law (42 U.S.C. § 1981)." [DE 5 at 1-2.]

Neal seeks a corrected employment history removing false allegations about his employment performance, possible re-employment, lost wages, "punitive damages for cost[s]," and $250,000 in damages for the defendants' intentional and knowing discriminatory and retaliatory conduct. [*Id.* at 3.]

Zemmol filed a 12(b)(6) motion on March 9, 2015 [DE 20]; Andreski and Mueller each filed an identical 12(b)(6) motion after that. [DE 33, 38.] Neal responded, the defendants each replied, and the motions are now fully briefed. I will take up together the three motions to dismiss for failure to state a claim upon which relief can be granted because they raise identical issues. The defendants argue that they are not "employers" as that term is defined in Title VII because they are individuals, and so Title VII does not create a cause of action against them. [DE 21 at 3; DE 34 at 3; DE 39 at 3.] The defendants argue for dismissal with prejudice because Neal cannot support a claim for individual liability under any set of facts. [*E.g.*, *id.*] Neal counters that the defendants are individually liable as "agents" of AccuGear. [*E.g.*, DE 41 at 1.]

**<u>DISCUSSION</u>**

The minimum pleading requirements are, in pertinent part, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. Pro. 8(a)(2). The Supreme Court held in *Bell Atlantic Corporation v. Twombly* that mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[;]" instead, a complaint's factual allegations must "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007) (citations omitted). This essentially "impose[s] two easy-to-clear hurdles. First, the complaint must describe the claim in sufficient detail to give the defendant fair notice of what the claim is and the grounds upon which it rests. Second, its allegations must plausibly suggest that the [plaintiff] has a right to relief" that is more than speculative. *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citations, quotation marks and ellipsis omitted). " *Id.* The type of case dictates how detailed the factual pleading must be. *Limestone Dev. Corp. v. Vill. of Lemont, Ill.*, 520 F.3d 797, 803 (7th Cir. 2008). If the complaint falls below the required threshold, Rule 12(b)(6) authorizes dismissal for failing to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6).

Title VII prohibits discrimination by an employer with respect to race. 42 U.S.C. § 2000e(b). Under Title VII, an "employer" potentially subject to liability is "a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and any agent of such a person . . . ." 42 U.S.C. § 2000e(b). Persons acting

in an individual capacity such as "supervisors" have been categorically rejected by the Seventh Circuit as "employers" under Title VII. Although the Title VII statute includes the phrase "and any agent of such [employer,]" the Seventh Circuit holds that this phrase was merely intended to impose vicarious liability upon employers so that suits could be brought against employers. *See, e.g., Smith v. Bray*, 681 F.3d 888, 896 (7th Cir. 2012) ("One key difference between § 1981 and Title VII is that the latter authorizes suit only against the employer as an entity rather than against individual people who are agents of the employer. Under § 1981, individuals may be liable."); *Williams v. Banning*, 72 F.3d 552, 553-55 (7th Cir. 1995) ("Because a supervisor does not, in his individual capacity, fall within Title VII's definition of employer, [Plaintiff] can state no set of facts which would enable her to recover under the statute. The district court's dismissal under Rule 12(b)(6) for failure to state a claim on which relief can be granted was proper."); *EEOC v. AIC Sec. Investig'ns, Ltd.*, 55 F.3d 1276, 1281 (7th Cir. 1995); *Garner v. Knoll Bros. Quick Marts, Inc.*, 962 F. Supp. 1115, 1121-22 (N.D. Ind. 1997).

Because individuals cannot be held liable for employment discrimination under Title VII, individual defendants Zemmol's, Mueller's, and Andreski's motions to dismiss are each **GRANTED** and Neal's Title VII claim against each is **DISMISSED WITH PREJUDICE**. [DE 20, 33, 38.]

But dismissing the Title VII claim against the three individual defendants isn't the end of the matter, especially when the plaintiff is proceeding *pro se* and I am under an obligation to construe his complaint liberally. As I've noted, Neal need only offer a

short and plain statement of his claim that, if true, would entitle him to relief. The employment discrimination complaint form's checkboxes are nice for flagging potentially relevant laws, but nothing in the federal rules requires a plaintiff to have checked the correct boxes, so long as the facts that are alleged alert the defendants to the claims leveled against them. Here, although Neal didn't check the box for 42 U.S.C. § 1981, the facts that Neal alleges state a claim under § 1981.

Judge Hamilton provides a thorough and clear rundown of § 1981's evolution and judicial interpretation in *Smith v. Bray*, 681 F.3d 888, 895-96 (7th Cir. 2012)[1], so I'll only summarize briefly here. Section 1981 protects people's contract rights, including the formation, performance, and termination of contracts, regardless of race. It includes a right to sue for retaliation when one person acts against another for seeking the equality of contract rights ensured by § 1981. Unlike a Title VII claim, a § 1981 claim may be brought against individual defendants. *See, e.g.*, *Bray*, 681 F.3d at 895-6. Section 1981 is a versatile vehicle. Here are some relevant ways that it may be applied: As the Seventh Circuit has explained, "in this circuit, 'cat's paw' liability may be imposed on an employer where the plaintiff can show that an employee with discriminatory animus provided factual information or other input that may have affected the adverse employment action." *Id.*, 681 F.3d at 897 (quotation marks, citation omitted). "[W]ith §

[1] As an aside I note that Neal's allegations are strikingly similar to the facts in *Smith v. Bray* – an allegedly discriminatory supervisor, a human resources employee getting both the disciplinary reports and complaints of discrimination, that human resources employee being involved in the termination without making the final decision, and even the allegation that the plaintiff was sleeping on the job.

1981, individual liability . . . is appropriate where the individual defendant caused or participated in a constitutional deprivation." *Id.* at 899 (quotation marks, citation omitted). And the final link in the chain of liability:

> It logically follows that an individual can be liable under § 1981 for retaliatory conduct that would expose her employer to liability under Title VII or § 1981. It also makes sense as a matter of basic fairness: why should the "hapless cat" (or at least his employer) get burned but not the malicious "monkey"? The cat's paw theory can support individual liability under § 1981 for a subordinate employee who intentionally causes a decision-maker to take adverse action against another employee in retaliation for statutorily protected activity.

*Id.*

Here, Neal alleges that Mueller made racist comments and unfairly discriminated against Neal in imposing disciplinary measures. Zemmol allegedly gave Neal unfair and discriminatory negative employee reviews based on Mueller's discriminatory actions. Andreski terminated Neal for allegedly sleeping at a company meeting, which basis Neal alleges is pretext for a discriminatory reason for his termination. The only suggestion of overt racism at this point applies to Mueller, but that doesn't invalidate the § 1981 claim against Zemmol, Andreski, or AccuGear given the cat's paw theory. Here, the allegation is that Mueller's discriminatory disciplinary action, and an intent to retaliate against Neal for complaining about that, led to Zemmol's negative reviews. Zemmol and the negative reviews, as well as a desire to retaliate against Neal for causing trouble by complaining about Mueller's discrimination, led to the false allegation of Neal sleeping, which was the pretext for

Andreski's firing Neal. Therefore this case may proceed under § 1981 against the three individual defendants whose motions to dismiss have been granted with respect to individual liability under Title VII. None of this is to say that Neal will ultimately prevail in this case, or even get past summary judgment – he needs to offer proof of his allegations – but at this stage he has stated a claim against the individual defendants under § 1981 such that dismissal is inappropriate.

## CONCLUSION

For the foregoing reasons, Mueller's, Zemmol's, and Andreski's Motions to Dismiss are **GRANTED**, and Neal's Title VII claim against them is **DISMISSED WITH PREJUDICE** because there is no set of facts that Neal could allege that would permit recovery against individual defendants under Title VII. **THE INDIVIDUAL DEFENDANTS ARE <u>NOT</u> DISMISSED FROM THE CASE**, however, because the facts alleged state a claim under 42 U.S.C. § 1981. Each of Mueller, Zemmol, and Andreski has 30 days from the entry of this Order to file an answer or, if he chooses, a motion to dismiss with respect to the claim against him arising under 42 U.S.C. § 1981.

**SO ORDERED.**

Entered: July 29, 2015

/s/Philip P. Simon
PHILIP P. SIMON, CHIEF JUDGE
UNITED STATES DISTRICT COURT